1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM ADAMS,                              No. 2:20-cv-1901-JDP-P

12                    Plaintiff,

13         v.                                     ORDER

14    CALIFORNIA PRISON INDUSTRY
      AUTHORITY, *et al.*
15
                      Defendants.
16

17

18         Plaintiff, a state prisoner proceeding without counsel, brings suit under 42 U.S.C. § 1983,

19    alleging that the defendants violated his rights under the Americans with Disabilities Act

20    ("ADA") and 29 U.S.C. § 794 (the "Rehabilitation Act") by refusing to allow him to work his

21    prison job with tinted glasses that he needs for his light sensitivity.  Plaintiff was eventually

22    terminated from his job after refusing to work without his glasses.  The case is before the court

23    for screening, and I conclude that plaintiff's official capacity claims can proceed against the

24    California Department of Corrections and Rehabilitation ("CDCR").  All other claims and

25    defendants are dismissed with leave to amend for the reasons stated below.[1]

26    ─────────────────
                 [1] Plaintiff has also filed an application to proceed in forma pauperis, ECF No. 2, and a
27    trust fund account statement, ECF No. 5.  Plaintiff has made the required showing, and I will
      grant this request.  Plaintiff must pay the filing fee in accordance with the concurrently filed
28    collection order.

                                                  1

1      I.      Legal Standards

2          This court screens cases in which prisoners seek redress from a either a governmental

3      entity or an officer or employee thereof.  28 U.S.C. § 1915A(a).  The court must dismiss the

4      complaint, or any portion of it, that "is frivolous, malicious, or fails to state a claim upon which

5      relief may be granted," or that "seeks monetary relief from a defendant who is immune from such

6      relief."  *Id.* § 1915A(b).  A pro se plaintiff, like other litigants, must comply with Rule 8(a) of the

7      Federal Rules of Civil Procedure, which "require . . . a short and plain statement of the claim

8      showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

9      claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554,

10     562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

11         While the complaint must comply with the "short and plaint statement" requirements of

12     Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v.

13     Iqbal*, 556 U.S. 662, 679 (2009).  A claim a complaint must contain more than "naked

14     assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15     action."  *Twombly*, 550 U.S. at 555-57.  "Threadbare recitals of the elements of a cause of action,

16     supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

17         A cognizable claim must have facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim

18     has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

19     reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

20     678.  When considering whether a complaint states a claim upon which relief can be granted, the

21     court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe

22     the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232,

23     236 (1974).

24     II.     Analysis

25          A.      Background

26         Plaintiff alleges that, in July 2019, he was hired by the California Prison Industry

27     Authority ("CALPIA") fabrics product and sewing shop at Mule Creek State Prison.  ECF No. 1

28     at 3.  He reported for work in early August wearing glasses with tinted lenses due to his light

2

1   sensitivity. *Id.* Defendant Nancy Chamberlain—the supervisor of the fabrics shop—ordered

2   plaintiff to remove his glasses because being unable to see his eyes made her nervous. *Id.* He

3   declined and told her that the glasses were medically prescribed. *Id.* In the days that followed,

4   Chamberlain persisted in refusing to allow plaintiff to work with the glasses. *Id.* Thirteen days

5   after he first reported to work with his glasses, plaintiff's employment in the fabric shop was

6   terminated. *Id.* at 4. Plaintiff alleges that Chamberlain filed a chrono that falsified the reason for

7   his removal by blaming him for failure to report to work. *Id.* Plaintiff informed Chamberlain's

8   supervisor, defendant Tozi, of the actions taken against him, but Tozi declined to investigate. *Id.*

9   He alleges that defendant Molle failed to intervene insofar as he denied plaintiff's grievances that

10  complained of Chamberlain's actions. *Id.*

11              B.     <u>Analysis</u>

12          Based on the foregoing, plaintiff is suing Chamberlain, Tozi, Molle, and CALPIA for

13  violations of the ADA and the Rehabilitation Act. As an initial matter, plaintiff's individual

14  capacity claims fail because there is no individual liability under either the ADA or the

15  Rehabilitation Act. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We therefore

16  join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under

17  42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by

18  Title II of the ADA or section 504 of the Rehabilitation Act."). Plaintiff has also brought official

19  capacity ADA and Rehabilitation Act claims against all defendants, however. ECF No. 1 at 1.

20  Those claims are adequately pled[2] and may proceed against the CDCR and, through it, the State

21          [2] Under Title II of the ADA, a claimant must plead that "(1) [he] is a qualified individual
22  with a disability; (2) [he] was excluded from participation in or otherwise discriminated against
    with regard to a public entity's services, programs, or activities; and (3) such exclusion or
23  discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th
    Cir. 2002). To establish a violation of the Rehabilitation Act, a claimant must plead that "(1) [he]
24  is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or
    services sought; (3) [he] was denied the benefit or services solely by reason of her handicap; and
25  (4) the program providing the benefit or services receives federal financial assistance." *Id.*
26          The elements of both acts are, for screening purposes, satisfied. He has plausibly alleged
    at this stage that his light sensitivity categorizes him as disabled and/or handicapped. And with
27  respect to the Rehabilitation Act, the Ninth Circuit has held that "[b]ecause California accepts
    federal funds under the Rehabilitation Act, California has waived any immunity under the
28  Eleventh Amendment" as to that Act's anti-discrimination provisions." *See Clark v. State of*

1  of California. *See Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) ("[A] prison inmate

2  may state a claim under both the RA and the ADA that he was improperly excluded from

3  participation in, and denied the benefits of, a prison service, program, or activity on the basis of

4  his physical handicap."); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1141 (9th Cir.

5  2001) ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the

6  ADA against a municipality (including a county), the public entity is liable for the vicarious acts

7  of its employees.").

8         Before service on the CDCR is directed, plaintiff will be given leave to amend so that he

9  may, if he desires, pursue any other legal theories for individual liability against the named

10  defendants.  He is not obligated to amend his complaint and, should he wish to proceed only

11  against the CDCR, he may return the attached form indicating that decision.

12         III.    Leave to Amend

13         If plaintiff chooses to amend, he is cautioned that any amended complaint must identify as

14  a defendant only persons who personally participated in a substantial way in depriving him of his

15  constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a

16  person subjects another to the deprivation of a constitutional right if he does an act, participates in

17  another's act or omits to perform an act he is legally required to do that causes the alleged

18  deprivation).  Plaintiff may also include any allegations based on state law that are so closely

19  related to his federal allegations that "they form the same case or controversy."  28 U.S.C.

20  § 1367(a).  The amended complaint must contain a caption that includes the names of all

21  defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

22  new, unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

23         Any amended complaint must be written or typed so that it so that it is complete in and of

24  itself, without reference to any earlier-filed complaint.  E.D. Cal. L.R. 220.  This is because an

25  amended complaint supersedes any earlier filed complaint, and once an amended complaint is

26  filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*

27  _____

28  *California*, 123 F.3d 1267, 1271 (9th Cir. 1997).  Thus, the court finds that, for screening
    purposes, the fourth element of a Rehabilitation Act claim is plausibly satisfied.

4

*Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible while meeting the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should not include procedural or factual background that has no bearing on his claims. He should also make sure that his amended complaint is as legible as possible, considering not only to penmanship but also spacing and organization. Plaintiff should consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Accordingly, it is ORDERED that

1.      Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED.

2.      The Clerk of Court is directed to add the California Department of Corrections and Rehabilitation as a defendant to this action.

3.      Plaintiff's complaint, ECF No. 1, states, for screening purposes, viable claims under Title II of Americans with Disabilities Act and 29 U.S.C. § 794 against the California Department of Corrections and Rehabilitation.

4.      All other claims in the complaint are DISMISSED with leave to amend within thirty days of service of this order.

5.      Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims identified above or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6.      Failure to comply with any part of this this order may result in dismissal for failure to prosecute.

DATED:        October 8, 2020

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


WILLIAM ADAMS,

           Plaintiff,

     v.

CALIFORNIA PRISON INDUSTRY
AUTHORITY, et al.,

           Defendants.

No.  2:20-cv-1901-JDP-P


NOTICE OF ELECTION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In accordance with the court's Screening Order, plaintiff hereby elects to:


    (1)  _____   proceed only with the claims under Title II of Americans with Disabilities Act and 29 U.S.C. § 794 (the Rehabilitation Act) against the California Department of Corrections and Rehabilitation identified in the screening order;

          OR


    (2)  _____   delay serving any defendant and files an amended complaint.


                             _____

                             Plaintiff

Dated: