UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADAMS, | Case No. 2:20-cv-01901-JDP (PC) |
| Plaintiff, | ORDER DISMISSING DEFENDANT CDCR PURSUANT TO THE PARTIES STIPULATION AND DENYING ITS MOTION TO DISMISS AS MOOT |
| v. | |
| CALIFORNIA PRISON INDUSTRY AUTHORITY, *et al.*, | ECF Nos. 17, 24 |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under the Americans with Disabilities Act and Rehabilitation Act. I previously screened the complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff's official capacity claims against all defendants could proceed against the California Department of Corrections and Rehabilitation ("CDCR").[1] *Id*. After being served, CDCR filed a motion to dismiss, arguing that CDCR is not the proper defendant for plaintiff's official capacity claims under the ADA and Rehabilitation Act. ECF No. 17.

---

[1] I also found that plaintiff's individual capacity claims against the three individual defendants were not cognizable. ECF No. 8 at 3; *see Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Although plaintiff was granted leave to amend his claims against the individual defendants, ECF No. 8 at 5, he elected to proceed only with his official capacity claims against CDCR, ECF No. 11.

1

On July 23, 2021, I held a status conference at which the parties discussed, among other things, CDCR's contention that it was not the proper defendant. ECF No. 23. Both parties agreed that the California Prison Industry Authority—the entity employing the individual defendants—was the proper defendant for plaintiff's claims, rather than CDCR. Consistent with that agreement, the parties subsequently filed a stipulation for voluntary dismissal of CDCR. ECF No. 24; *see* Fed. R. Civ. P. 41(a)(1)(A)(ii).

Given plaintiff's position that the individual defendants were employed by the California Prison Industry Authority, his ADA and Rehabilitation Act claims will proceed against that defendant.[2] *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."). Further, CDCR is dismissed from this action pursuant to the July 28, 2021 stipulation for voluntarily dismissal, rendering its motion to dismiss moot. *See Com. Space Mgmt. Co. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (observing that "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it").

Based on the foregoing, it is hereby ORDERED that:

1. Defendant CDCR is dismissed from this case pursuant to the July 28, 2021 stipulation for voluntarily dismiss. *See* ECF No. 24.

2. CDCR's motion to dismiss, ECF No. 17, is denied as moot.

3. This action shall proceed on plaintiff's claims under Title II of the Americans with Disabilities Act and 29 U.S.C. § 794 (the Rehabilitation Act) against defendant California Prison Industry Authority.

---

[2] An order directing service against defendant California Prison Industry Authority will issue in due course.

IT IS SO ORDERED.

Dated:    September 27, 2021                /s/ Jeremy Peterson
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE